UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TYRONE L. GRIFFIN (#1187551),**

    **Petitioner,**

v.                                                                                            **ACTION NO. 2:17cv348**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections**

    **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Tyrone L. Griffin ("Petitioner" or "Griffin"), a Virginia state inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On April 1, 2011, the Stafford County Circuit Court sentenced Petitioner to 43 years of incarceration, 25 suspended, following his conviction for aggravated malicious wounding, participation in a criminal street gang, and possession of a firearm by a convicted felon. The charges resulted from an apparently retaliatory shooting from a vehicle Griffin and co-defendants were using. Griffin asserts various violations of his federal rights, including violations of due process, challenges to the voluntariness of his plea and ineffective assistance of counsel. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. Because the petition is time-barred and Griffin cannot make the requisite showing to excuse the late filing, the undersigned recommends it be dismissed.

1

## I. STATEMENT OF THE CASE

Petitioner was convicted following his guilty plea[1] on charges of aggravated malicious wounding, participation in a criminal street gang, and possession of a firearm by a convicted felon by the Stafford County Circuit Court. He was sentenced April 1, 2011 and final judgment was entered April 7, 2011. (ECF No. 17, at 2). Petitioner appealed his conviction to the Court of Appeals which dismissed it on the ground that no transcript had been prepared.[2] The Supreme Court of Virginia dismissed his subsequent appeal on October 19, 2012. Griffin then filed a state petition for a writ of habeas corpus. His state petition alleged (a) trial counsel was ineffective by "luring" the Petitioner into taking a guilty plea by mischaracterizing it as an "Alford" plea, and inaccurately explaining it was not actually a plea of guilty; (b) the trial court erred by failing to provide the Petitioner with a transcript of the jury trial that the Petitioner needed to establish his effective defense or appeal; (c) trial counsel was ineffective for filing the Petitioner's appeal after he discovered that there were no trial transcripts; and (d) that the trial court erred by denying Petitioner's motion to withdraw his guilty plea. By Order entered March 12, 2014, the Supreme Court of Virginia dismissed Griffin's habeas petition as untimely under Va. Code § 8.01-654(A)(2), Virginia's state habeas statute of limitations.

Petitioner filed the current federal petition for a writ of habeas corpus, pro sé, on June 16, 2017. (ECF No. 1, at 19); see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding a document is filed on the date a prisoner delivers it to prison officials to be forwarded to the court clerk). His federal petition raises four claims for relief, characterized as follows by Petitioner:

---

[1] Griffin was in the middle of a jury trial when he elected to enter a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). Trial Tr. at 17-18 (Nov. 17, 2010).
[2] The transcript has since been prepared, although gaps in coverage remain. The Government also relies on Griffin's allocution during his plea and the evidence taken during a preliminary hearing. Prelim. Hr'g Tr. at 54-56, 98-102 (June 4, 2010).

1. The state proceedings, involving applicable procedures which the petitioner utilized pursuant to court rules, denied him due process to adequately present his claims of constitutional violations challenging the jurisdiction of the underlying criminal convictions;

2. The petitioner's pleas were not knowing, voluntary or intelligently entered and he was denied his right to withdraw the pleas upon learning of new evidence that supported his innocence;

3. Ineffective assistance of counsel:

   a. Trial counsel failed to investigate the defense that Griffin was actually innocent of the offenses. Instead, counsel coerced Griffin into entering "Alford" pleas, which maintained that Griffin's innocence, but did not offer any defenses supporting his innocence.

   b. Appellate counsel was ineffective in failing to order the transcripts which the appellate court needed to properly consider Griffin's appellate claims.

Pet. (ECF No. 1).

Following service of the petition, Respondent timely filed a Rule 5 Answer and Motion to Dismiss Griffin's petition for writ of habeas corpus on August 28, 2017. (ECF Nos. 10-13). Respondent argued, in its motion and brief in support, that Griffin's claims are time-barred and lack merit. Id. Griffin was advised of his right to respond to the motion and on October 10, 2017, he moved the court to extend the time to respond. (ECF No. 20). The court granted the extension (ECF No. 21), but the extended time has now expired and Griffin has not filed any response. After reviewing Griffin's claims, this Report concludes that his federal petition is time-barred and that Griffin has not made the requisite showing to overcome the late filing in order to obtain federal review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Petitioner's Habeas Petition Is Time-Barred.

Griffin's habeas corpus petition is time-barred. Prisoners seeking federal habeas relief for a state conviction are subject to a one-year statute of limitations in bringing such a claim. 28

U.S.C. § 2244(d)(1) (2012). This limitation period begins to run from the date on which (i) judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim was, or could have been discovered with due diligence, whichever is latest. 28 U.S.C. § 2244(d)(1)(A)-(D). The one year limitation tolls while any state post-conviction collateral review is pending. 28 U.S.C. § 2244(d)(2).

The first limitation period applies here. The Supreme Court of Virginia dismissed Griffin's direct appeal on October 19, 2012. He did not seek certiorari in the United States Supreme Court. The judgment was final 90 days after the Virginia Supreme Court's order, or January 17, 2013. See Clay v. United States, 537 U.S. 522, 527 (2003). Griffin therefore had until January 17, 2014, to file his federal petition, but failed to do so until June 16, 2017, over two years after the deadline imposed by § 2244 had expired. Pet. (ECF No. 1, at 19).

The time for filing a federal petition is ordinarily tolled by the pendency of a "properly filed" state habeas petition. 28 U.S.C. § 2254(d)(2). But, Griffin did not file his state petition until December 12, 2013, eleven months after the federal limitations period expired, as a result it was not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). A late-filed state habeas petition does not toll the running of the federal limitations period. See Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

Failure to file a timely petition under § 2244(d) may be excused if a petitioner establishes circumstances that would entitle him to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Griffin has alleged no such circumstances. Equitable tolling is available in two situations: (1) if a petitioner is prevented from asserting his claims by some wrongful conduct on the part of the respondent, or

4

(2) if extraordinary circumstances beyond the petitioner's control made it impossible to file on time. See Harris, 209 F.3d at 330. Griffin has not alleged any wrongful conduct by the Respondent, nor any extraordinary circumstances, which would have prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Because Griffin did not file his petition within the one year limitation period and has not established any circumstances which would entitle him to equitable tolling, his petition is time-barred.

Even if a petitioner fails to meet the necessary requirements for equitable tolling, a court may still examine an untimely habeas petition if the petitioner can present "a convincing showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A petitioner's successful claim of actual innocence is not a dispositive claim for relief but rather "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (2005) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). To establish a claim to "actual innocence", the petitioner must provide new reliable evidence that challenges the validity of the petitioner's conviction. See Schlup, 513 U.S. at 324. A petitioner does not meet the actual innocence threshold unless he persuades a court that as a result of the new evidence, "no reasonable juror would have found the defendant guilty." Id; see also McQuiggin, 569 U.S. at 386. In addition, the period of delay in the filing of a petition is "a factor bearing on the 'reliability of th[e] [new] evidence'" supporting an actual innocence claim. McQuiggin, 569 U.S. at 386-87 (quoting Schlup, 513 U.S. at 332).

Although not argued in detail, Griffin has asserted that he is factually innocent, relying on the unsworn statement of a co-defendant, Kevin Whittington, to the effect that Whittington, not Griffin, was the shooter during the incident in question. This evidence is not new, as the

statement is dated July 30, 2010, months before Griffin went to trial. Moreover, during the trial before Griffin's plea, his attorney stated that he expected Whittington to testify that he was the shooter. Trial Tr. at 103-04 (Nov. 16, 2010); Prelim. Hr'g Tr. at 54-56, 98-102 (June 4, 2010). Moreover, even if the evidence was new, it would not be sufficient to establish that "no reasonable juror would have found the defendant guilty." Schlup, 513 U.S. at 315. Other witnesses testified at trial and at the preliminary hearing that Griffin was the shooter. Trial Tr. at 225-26, 238, 239 (Nov. 16, 2010).

The trial judge referred to the evidence against him as "overwhelming." Sentencing Hr'g Tr. at 38-39 (Apr. 1, 2011). In short, Griffin's petition presents no "new reliable evidence" supporting a claim of actual innocence. Id.; see also Sharpe v. Bell, 539 F.3d 372, 377 (4th Cir. 2010). Because Griffin has not made a credible showing of actual innocence, his untimely federal habeas claims should be dismissed.

### III. RECOMMENDATION

Griffin's claims are time-barred and he has not presented sufficient evidence to overcome the late filing. Therefore, the undersigned recommends that Respondent's Rule 5 Answer and Motion to Dismiss (ECF No. 10) be GRANTED and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed

pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified finds or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and to provide an electronic copy to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 20, 2017

7

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

>**Tyrone L. Griffin**
>1187551
>River North Correctional Center
>329 Dellbrook Ln
>Independence, VA 24348

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

>**Virginia Bidwell Theisen**
>Office of the Attorney General (Richmond)
>202 North 9th Street
>Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

December 20, 2017